Larry R. Laycock (Utah Bar No. 4868)
  *larry.laycock@dentons.com*
Clinton E. Duke (Utah Bar No. 9784)
  *clinton.duke@dentons.com*
Landon T. Laycock (Utah Bar No. 17259)
  *landon.laycock@dentons.com*
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone:  (801) 415-3000

*Attorneys for Plaintiff KT Health, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **KT Health, LLC,** a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>**Heali Medical Corp**, a Canadian corporation,<br><br>        Defendant. | Civil No. _____<br><br>**Complaint**<br><br>JURY DEMANDED<br><br>District Judge _____ |

Plaintiff KT Health, LLC ("KT") complains against defendant Heali Medical Corp ("Heali") for the causes of action alleged as follows:

**THE PARTIES**

1. KT is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 584 East 1100 South, Suite 4, American Fork, UT 84003.

2. Heali is a corporation duly organized and existing under the laws of Canada, with its principal place of business located at 371 Bradwick Drive, Unit 1, Concord, Ontario, Canada L4K 2P4.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This court has personal jurisdiction over Heali because Heali has purposely availed itself of the privileges and benefits of the laws of the State of Utah, derived substantial revenue from the sales of products in Utah, and it has systematic and continuous business contacts with Utah.

6. This Court's exercise of personal jurisdiction over Heali is consistent with the Constitutions of the United States and the State of Utah and Utah Code Ann. § 78-27-22 *et seq*.

7. Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

I. **KT's Iconic Products, Trademark, and Trade Dress**

8. KT is a world leader in the sports-medicine products industry, and distributes its products worldwide to individuals, medical professionals, and teams through major retailers, specialty sports stores, medical distributors, and team distributors, among other distribution channels.

9. Since 2008, KT has revolutionized the sports medicine industry with the introduction of the most advanced and recognized kinesiology tape and recovery products.

10. KT's technological innovations are protection by, *inter alia*, a portfolio of utility and design patents, including United States Design Patent No. D947,944 (the "'944 Design Patent") a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by this reference; United States Design Patent No. D962,344 (the "'344 Design Patent) a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein by this reference, United States Design Patent No. D988,400 (the "'400 Design Patent") a true and correct copy of which is attached hereto as **Exhibit C** and incorporated herein by this reference, and United States Design Patent No. D1,011,420 (the "'420 Design Patent") a true and correct copy of which is attached hereto as **Exhibit D** and incorporated herein by this reference (collectively, the "Asserted Patents")

11. The '944 Design Patent, titled ROLL OF PRE-CUT STRIPS OF KINESIOLOGY TAPE, was duly and legally issued on April 5, 2022, and names Reed Quinn as the inventor. All rights in and to the '944 Design Patent have been assigned to KT.

12. The '344 Design Patent, titled ROLL OF PRE-CUT STRIPS OF KINESIOLOGY TAPE, was duly and legally issued on August 30, 2022, and names Reed Quinn as the inventor. All rights in and to the '344 Design Patent have been assigned to KT.

13. The '400 Design Patent, titled ROLL OF PRE-CUT STRIPS OF KINESIOLOGY TAPE, was duly and legally issued on Jun 6, 2023, and names Reed Quinn as the inventor. All rights in and to the '400 Design Patent have been assigned to KT.

14. The '420 Patent, titled ROLL OF PRE-CUT STRIPS OF KINESIOLOGY TAPE, was duly and legally issued on August 30, 2022, and names Reed Quinn as the inventor. All rights in and to the '420 Design Patent have been assigned to KT.

15. KT products, including KT Tape®, KT Tape Pro®, KT Tape Pro Extreme®, and a variety of other KT products featuring the designs claimed in the Asserted Patents have been showcased and featured on national television programs, including Good Morning America on ABC Network, and in national newspapers, including the *Wall Street Journal* and the *New York Times*.

16. KT was also an official sponsor of the US Olympic and Paralympic teams in the Rio 2016, PyeongChang 2018 Games, and 2020 Tokyo Games. KT Tape's athlete sponsors include gold medalists James Harden and Kerri Walsh Jennings.

17. KT's KT Tape is the official kinesiology tape of US Soccer and has sponsored the US women's world cup champion team.

18. Heali is in the business of selling a variety of kinesiology tape products that embody the claimed designs of each of the Asserted Patents (the "Accused Products").

19. The design of each Accused Products is substantially the same as the designs that are the subject matter of the '944 Design Patent, the '344 Design Patent, the '400 Design Patent, and the '420 Design Patent. Attached hereto as **Exhibit E** are claim charts detailing the Accused Products' embodiment of the designs claimed by the Asserted Patents.

20. Furthermore, the design of each of the Accused Products is so similar to the designs that are the subject matter of the '944 Design Patent, the '344 Design Patent, the '400 Design Patent, and the '420 Design Patent that customers are likely to be deceived and persuaded

to buy the Accused Products thinking they are actually buying products that are protected by the '944 Design Patent, the '344 Design Patent, the '400 Design Patent, and the '420 Design Patent.

21. An ordinary observer or purchaser would find the overall design of the Accused Patents and the Accused Products substantially similar and mistakenly purchase the Accused Products.

22. Upon information and belief, Heali has known of the existence of the Asserted Patents and KT's products that embody the claimed designs as a result of KT's fame in the industry.

23. Heali has made, sold, and offered for sale the Accused Products in the United States, and Heali has imported the Accused Products into the United States. Heali continues to make, sell, and offer the Accused Products for sale in the United states, and Heali continues to import the Accused Products in the United States.

24. KT has suffered cognizable injury as a result of Heali's infringing activities.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '944 Design Patent)**

25. By this reference KT realleges and incorporates the foregoing paragraphs as though fully set forth herein.

26. Heali has been and is infringing the '944 Design Patent by making, using, selling, and offering for sale in the United States, and importing into the United States, including within this judicial district and elsewhere in the United States, the Accused Products in violation of 35 U.S.C. § 271, the design of which is substantially the same as the ornamental design of the '944 Design Patent.

27. Heali's actions constitute infringement of the '944 Design Patent in violation of 35 U.S.C. § 271.

28. Heali has been and is actively inducing inducement of the '944 Design Patent by selling to, consumers and/or distributors, the Accused Products in violation of 35 U.S.C. § 271(b), the design of which is substantially the same as the ornamental design of the '944 Design Patent.

29. Heali's actions constitute infringement of the '944 Design Patent in violation of 35 U.S.C. § 271.

30. Heali's infringement has been and continued to be knowing, intentional, and willful.

31. Heali's acts of infringement of the '944 Design Patent have caused and will continue to cause KT damages for which KT is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

32. Heali's acts of infringement of the '944 Design Patent have caused and will continue to cause KT immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. KT has no adequate remedy at law.

33. Heali has willfully infringed the '944 Design Patent, entitling KT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34. Alternatively, Plaintiff is entitled to recover Heali's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '344 Design Patent)

35. By this reference KT realleges and incorporates the foregoing paragraphs as though fully set forth herein.

36. Heali has been and is infringing the '344 Design Patent by making, using, selling, and offering for sale in the United States, and importing into the United States, including within this judicial district and elsewhere in the United States, the Accused Products in violation of 35 U.S.C. § 271, the design of which is substantially the same as the ornamental design of the '344 Design Patent.

37. Heali's actions constitute infringement of the '344 Design Patent in violation of 35 U.S.C. § 271.

38. Heali has been and is actively inducing inducement of the '344 Design Patent by selling to, consumers and/or distributors, the Accused Products in violation of 35 U.S.C. § 271(b), the design of which is substantially the same as the ornamental design of the '344 Design Patent.

39. Heali's actions constitute infringement of the '344 Design Patent in violation of 35 U.S.C. § 271.

40. Heali's infringement has been and continued to be knowing, intentional, and willful.

41. Heali's acts of infringement of the '344 Design Patent have caused and will continue to cause KT damages for which KT is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

42. Heali's acts of infringement of the '344 Design Patent have caused and will continue to cause KT immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. KT has no adequate remedy at law.

43. Heali has willfully infringed the '344 Design Patent, entitling KT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44. Alternatively, Plaintiff is entitled to recover Heali's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## THIRD CLAIM FOR RELIEF
### (Infringement of the '400 Design Patent)

45. By this reference KT realleges and incorporates the foregoing paragraphs as though fully set forth herein.

46. Heali has been and is infringing the '400 Design Patent by making, using, selling, and offering for sale in the United States, and importing into the United States, including within this judicial district and elsewhere in the United States, the Accused Products in violation of 35 U.S.C. § 271, the design of which is substantially the same as the ornamental design of the '400 Design Patent.

47. Heali's actions constitute infringement of the '400 Design Patent in violation of 35 U.S.C. § 271.

48. Heali has been and is actively inducing inducement of the '400 Design Patent by selling to, consumers and/or distributors, the Accused Products in violation of 35 U.S.C. § 271(b), the design of which is substantially the same as the ornamental design of the '400 Design Patent.

49. Heali's actions constitute infringement of the '400 Design Patent in violation of 35 U.S.C. § 271.

50. Heali's infringement has been and continued to be knowing, intentional, and willful.

51. Heali's acts of infringement of the '400 Design Patent have caused and will continue to cause KT damages for which KT is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

52. Heali's acts of infringement of the '400 Design Patent have caused and will continue to cause KT immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. KT has no adequate remedy at law.

53. Heali has willfully infringed the '400 Design Patent, entitling KT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

54. Alternatively, Plaintiff is entitled to recover Heali's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '420 Design Patent)**

55. By this reference KT realleges and incorporates the foregoing paragraphs as though fully set forth herein.

56. Heali has been and is infringing the '420 Design Patent by making, using, selling, and offering for sale in the United States, and importing into the United States, including within this judicial district and elsewhere in the United States, the Accused Products in violation of 35

U.S.C. § 271, the design of which is substantially the same as the ornamental design of the '420 Design Patent.

57. Heali's actions constitute infringement of the '420 Design Patent in violation of 35 U.S.C. § 271.

58. Heali has been and is actively inducing inducement of the '420 Design Patent by selling to, consumers and/or distributors, the Accused Products in violation of 35 U.S.C. § 271(b), the design of which is substantially the same as the ornamental design of the '420 Design Patent.

59. Heali's actions constitute infringement of the '420 Design Patent in violation of 35 U.S.C. § 271.

60. Heali's infringement has been and continued to be knowing, intentional, and willful.

61. Heali's acts of infringement of the '420 Design Patent have caused and will continue to cause KT damages for which KT is entitled to compensation pursuant to 35 U.S.C. §§ 284 or 289.

62. Heali's acts of infringement of the '420 Design Patent have caused and will continue to cause KT immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. KT has no adequate remedy at law.

63. Heali has willfully infringed the '420 Design Patent, entitling KT to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

64. Alternatively, Plaintiff is entitled to recover Heali's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

WHEREFORE, KT prays for entry of a final order and judgment as follows:

A. A judgment finding Heali liable for direct and indirect infringement of the claim of the '944 Design Patent in violation of 35 U.S.C. § 271;

B. A judgment finding Heali liable for direct and indirect infringement of the claim of the '344 Design Patent in violation of 35 U.S.C. § 271;

C. A judgment finding Heali liable for direct and indirect infringement of the claim of the '400 Design Patent in violation of 35 U.S.C. § 271;

D. A judgment finding Heali liable for direct and indirect infringement of the claim of the '420 Design Patent in violation of 35 U.S.C. § 271;

E. An order granting an injunction temporarily, preliminarily, and permanently enjoining Heali, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities, from infringing, contributing to the infringement of, or inducing infringement of the Asserted Patents;

F. An order directing Heali to account and pay damages adequate to compensate KT for Heali's infringement of the Asserted Patents, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284, or in the alternative, an award of Heali's total profits pursuant to 35 U.S.C. § 289;

      G.      An order that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

      H.      An order declaring this case exceptional and awarding KT its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

      I.      Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, KT demands trial by jury on all claims and issues so triable.

Dated: June 10, 2025

Respectfully Submitted,

**DENTONS DURHAM JONES PINEGAR, P.C.**

By: */s/ Larry R. Laycock*
Larry R. Laycock
Clinton E. Duke
Landon T. Laycock

*Attorneys for Plaintiff KT Health, LLC*