UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KT HEALTH, LLC, a Delaware limited liability company; APPLIED BIOKINETICS, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HEALI MEDICAL CORP., a Canadian corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [40] DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Case No. 2:25-cv-00461-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Defendant Heali Medical Corp.'s ("Heali") Motion to Transfer Venue.[1]

## BACKGROUND

This case arises from a patent dispute between Plaintiffs KT Health, LLC ("KT") and Applied Biokinetics, LLC ("ABK") and Defendant Heali. The initial complaint in this matter was filed on June 10, 2025.[2] Plaintiffs allege that they own or have rights to a series of patents relating to kinesiology tape and recovery products.[3] Plaintiffs further allege that Defendant Heali sells kinesiology tape products that infringe on Plaintiffs' patents.[4] The Amended Complaint

---

[1] Motion to Transfer Venue (Mot. Transfer"), ECF No. 40, filed Apr. 28, 2026.
[2] Initial Compl., ECF No. 2, filed June 10, 2025.
[3] Amended Compl. ¶¶ 10–14, 23, ECF No. 49, filed May 15, 2026.
[4] *Id.* ¶¶ 18–22.

1

asserts causes of action against Heali for infringement of eleven different patents.[5] Heali asks the court to transfer this action to the District Court for the District of Maryland.[6]

Relevant to Defendant's Motion to Transfer Venue, a similar proceeding was filed in the District of Maryland on September 23, 2024, *Nanjing 3H Medical Products Co., LTD. v. KT Health, LLC*, No. 1:24-cv-02745-RDB (D. MD) (the "Maryland Litigation").[7] In the Maryland Litigation, plaintiff Nanjing 3H Medical Products Co., Ltd. ("3H Medical") seeks declaratory judgment against KT that certain patents owned by KT are invalid and unenforceable.[8] Several patents at issue in the Maryland Litigation are also at issue here.[9] Further, the plaintiff in the Maryland Litigation, 3H Medical, manufactures and supplies the allegedly infringing products sold by Heali.[10]

## STANDARD

Venue is governed by 28 U.S.C. § 1391, which states that venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[11]

---

[5] *Id.* ¶¶ 40–149.
[6] Mot. Transfer 1.
[7] *Nanjing 3H Medical Products Co., LTD. v. KT Health, LLC*, No. 1:24-cv-02745-RDB, Amended Compl. ECF No. 48 ("MD Compl.")  (D. MD Oct. 3, 2025).
[8] *Id.* ¶¶ 165–179.
[9] *Id.*
[10] Mot. Transfer 1; Opposition to Motion to Transfer Venue ("Opp'n") 9–10, ECF No. 50, filed May 26, 2026.
[11] 28 U.S.C.A. § 1391(b).

2

A transfer of venue is governed by 28 U.S.C. § 1404. Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[12]

## DISCUSSION

Defendant moves to transfer this action to the District of Maryland on two grounds, § 1404(a) and the first-to-file rule.[13] Transfer is appropriate under § 1404(a) when "(1) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice; and (2) the transferee court is a proper forum in which the action could have been brought originally."[14] "The 'party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient,'" and "'[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue.'"[15] In considering a motion to transfer under § 1404(a), courts weigh several discretionary factors, including but not limited to the plaintiff's choice of forum, the accessibility of witnesses and evidence, docket congestion, enforceability, conflicts of law, and other practical considerations.[16]

On the other hand, the first-to-file rule is a doctrine of jurisdictional abstention.[17] When two related suits are pending in different federal district courts, the court overseeing the later-

---

[12] 28 U.S.C.A. § 1404(a).

[13] Mot. Transfer 1.

[14] *Questar Gas Mgmt. Co. v. USA Parts & Serv., LLC*, No. 2:05CV483DAK, 2006 WL 8435556, at *2 (D. Utah Jan. 26, 2006).

[15] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein,* 956 F.2d 963, 965–66 (10th Cir. 1992)).

[16] *Id.*

[17] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc*., 910 F.3d 1118, 1124 (10th Cir. 2018).

filed action may abstain from exercising its jurisdiction in deference to the first-filed case.[18] This rule recognizes that "the first court in which jurisdiction attaches has priority to consider the case."[19] In applying the first-to-file rule, "courts consider three factors: '(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'"[20] "When the first-to-file rule applies, the later-filed case should be dismissed without prejudice, stayed, or transferred."[21]

Here, Heali argues that this case and the Maryland Litigation involve identical issues and essentially the same parties, so this action should be transferred to the District of Maryland in deference to the earlier-filed suit there.[22] Defendant also argues that various factors under § 1404(a) make Maryland a more convenient venue for this action.[23] Plaintiffs agree that the two actions are substantially the same and should be decided in the same venue.[24] But Plaintiffs argue that the District of Utah is the more convenient forum.[25] In fact, Plaintiff KT has filed a currently pending motion in the Maryland Litigation to transfer that case to the District of Utah.[26]

In this case, Defendant fails to address an essential element to a request to transfer venue under any theory, namely, whether venue is proper in the proposed forum. Section 1404 only allows courts to transfer an action to another venue "where it might have been brought."[27] "Importantly, the first-to-file rule does not displace 28 U.S.C. § 1404(a)'s requirement that the

---

[18] *Id.*

[19] *Id.* (quoting *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982)).

[20] *Id.* (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)).

[21] *Humphreys v. FCA US LLC*, No. 1:26-CV-00008-RJS-JCB, 2026 WL 1078124, at *2 (D. Utah Apr. 21, 2026).

[22] Mot. Transfer 3.

[23] *Id.* at 5–8.

[24] Opp'n 1.

[25] *Id.* at 5–8.

[26] *Id.* at 4. Nothing in this order should be read to suggest that the pending motion in the Maryland Litigation is meritorious.

[27] 28 U.S.C.A. § 1404(a).

transferee district be a proper venue."[28] Even though the first-to-file rule and § 1404(a) "offer alternative grounds for a court to transfer a case to a more convenient or appropriate district,"[29] under both, an action may still only be transferred to a venue where it might have been brought originally.[30]

Heali has not shown that venue is proper in Maryland under § 1391(b). Defendant is a Canadian corporation with its principal place of business in Canada.[31] The Amended Complaint includes no facts or allegations that any events giving rise to Plaintiffs' claims occurred in Maryland, and there is no indication that Heali would be subject to personal jurisdiction in Maryland for purposes of this controversy.[32] Though Defendant notes that 3H Medical has Maryland connections,[33] it does not provide any arguments showing that Maryland would be a proper venue for this action under § 1391(b). Accordingly, even if the first-to-file rule applied and venue was more convenient in the District of Maryland, transfer would still be impermissible because Heali has not shown that this case might have been brought in Maryland pursuant to § 1391(b) and § 1404 (a).

## ORDER

Defendant's [40] Motion to Transfer Venue is DENIED.

---

[28] *Jim v. CoreCivic of Tennessee, LLC*, No. CIV 20-0618 JB/JFR, 2021 WL 4990084, at *23 (D.N.M. Oct. 27, 2021).

[29] *Id.*

[30] *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (noting that the first-to-file rule does not negate § 1404(a)'s requirement that an action may be transferred only to a district where it might have been brought); *In re SK hynix Inc.*, 847 F. App'x 847, 853–54 (Fed. Cir. 2021) (finding that the first-to-file rule cannot be used to transfer venue when § 1404(a)'s "threshold conditions" have not been met).

[31] Amended Compl. ¶ 3.

[32] *See generally id.*

[33] *See* Reply in Support of Motion to Transfer Venue ("Reply") 1, ECF No. 51, filed June 2, 2026.

Signed July 6, 2026.

BY THE COURT

_____
David Barlow
United States District Judge